HARDY RAY MURPHY, CA Bar No. 187149
hardy.murphy@ogletree.com
RYAN T. CHUMAN, CA Bar No. 300695
ryan.chuman@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
LEIDOS, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GEORGE WALTHER-MEADE, an individual;

Plaintiff,

vs.

LEIDOS, INC., a Delaware corporation; and DOES 1-10, inclusive;

Defendants.

Case No. '22CV1777 JAH BLM

**DEFENDANT LEIDOS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

**Filed concurrently with:**

- Civil Cover Sheet;
- Certification of Interested Parties and Disclosure Statement;
- Notice of Related Cases;
- Declarations and Exhibits of Ramune Kligys and Ryan T. Chuman in Support of Removal

Action Filed: October 7, 2022
Trial Date: None

TO THE CLERK OF THE COURT AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:

1. Defendant Leidos, Inc. ("Leidos" or the "Company"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Southern District of California.

2. As set out more fully below, this Court has original jurisdiction over this action and Leidos may therefore remove this Action to this Court under 28 U.S.C. §§ 1332(a), 1441(a), and 1446, in that this dispute is between citizens of different states and the alleged amount in controversy is greater than $75,000.

## I. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

3. On October 7, 2022, Plaintiff George Walther-Meade ("Plaintiff" or "Walther-Meade") filed a Civil Complaint in the Superior Court of California, for the County of San Diego, entitled *George Walther-Meade v. Leidos, Inc., a Delaware corporation; and DOES 1-10, inclusive*, bearing the case number 37-2022-00040541-CU-WT-NC (the "Action" or "Complaint"). (True and correct copies of the Summons and Complaint, as well as all process, pleadings, and orders served upon Leidos in the state court action are attached to the Declaration of Ryan T. Chuman ["Chuman Decl."] as **Exhibit A**.)

4. The Complaint asserts ten causes of action that are as follows: (1) Breach of Implied Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Wrongful Termination in Violation of Public Policy (Sick Leave); (4) Failure to Pay All Wages Owed Upon Termination; (5) Failure to Provide Accurate Wage Statements; (6) Wrongful Termination in Violation of Public Policy (Discrimination); (7) Wrongful Termination by Disparate Treatment in Violation of FEHA; (8) Failure to Reimburse Business Expenses (Labor Code § 2802);

(9) Defamation; and (10) Violation of Business and Professions Code §§ 17200, et seq.

5. Notice of Service of Process indicates Plaintiff's counsel caused Leidos's registered agent to be personally served with the Complaint on October 14, 2021. (A true and correct copy of the Notice of Service of Process is attached to the as **Exhibit B** to the Chuman Decl.)

6. In accordance with 28 U.S.C. § 1446(a), this Notice is filed in the District Court in which the action is pending. The Los Angeles Superior Court is located within the Southern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a notice will be filed with the Clerk of the Superior Court of California for the County of San Diego. Notice of Compliance shall be filed promptly thereafter with this Court.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

8. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). As set forth below, Plaintiff's claims, as alleged in his Complaint, are removable under 28 U.S.C. § 1332(a) (diversity of citizenship).

### A. Diversity of Citizenship Requirement is Established

#### 1. Plaintiff is an Individual and a Citizen of California

9. For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 1090 (9th Cir. 2001). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Id* at 857.

10. Plaintiff was at all times relevant to this lawsuit domiciled in the State of California, County of San Diego. (Complaint, ¶ 6.) Accordingly, Plaintiff is a citizen, resident, and domiciliary of the State of California for purposes of this removal. (See also Declaration of Ramune Kligys in Support of Leidos's Notice of Removal ["Kligys Dec."], ¶¶ 5 and 6.)

**2. Leidos is Not a Citizen of California**

11. A corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1).

12. Leidos is incorporated in Delaware. Leidos's principal place of business and corporate headquarters is located at 1750 Presidents Street, Reston, Virginia 20190. (Kligys Dec., ¶¶ 3 and 4.) Accordingly, Leidos is a citizen (and to the extent necessary, resident and domiciliary) of the State of Delaware or Commonwealth of Virginia.

**3. The Citizenship of "DOE" Defendants Must be Disregarded**

13. The citizenship of factitiously named "DOE" defendants are disregarded for purposes of removal. *See 28 U.S.C.* § 1441(b)(2); *see also Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690 (9th Cir. 1998) (holding that, in determining whether diversity exists, only the named defendants are considered). Therefore, Plaintiff's inclusion of "DOES 1-10" in his Complaint cannot defeat diversity jurisdiction.

**B. <u>The Amount in Controversy Exceeds $75,000</u>**

14. A "notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Acad. of Country Music v. Cont'l Cas. Co.,* 991 F.3d 1059, 1068 (9th Cir. 2021) (citation and internal quotation marks omitted). If the Court questions the basis for its jurisdiction, then both sides must have an opportunity to submit proof for the Court's evaluation. *Id.* The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *Lewis v. Verizon Communications,*

*Inc.,* 627 F.3d 395, 400 (9th Cir. 2010). Relief sought against defendant, where "in the form of common law and statutory damages, exemplary and punitive damages, rescission and restitution…" should be included in the amount in controversy. *Gugliemino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007). Potential attorney's fees should also be included in the calculation if authorized by statute. *Id.* Even amounts that "do not fall comfortably within the realm of 'damages' and are not labeled as such" should be included if "recovery of these sums would entail a payment by [defendant]…" *Id.*

15. To meet this relatively low burden of production regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy. *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can...be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

16. Furthermore, in a recent Ninth Circuit decision, the Court confirmed that the:

> Amount in controversy is ***not limited to damages incurred prior to removal***—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is ***determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.***

*Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 414-15 (9th Cir. 2018) (emphasis added).

17. In his Complaint, Plaintiff seeks compensatory damages for lost income and benefits. (Complaint ¶¶ 43, 51, 53, 64, 72, 78, 80, 98, 118 and Prayers for Relief 1, 2 and 5.) Plaintiff also seeks recovery of "attorney's fees and costs." (Complaint, ¶¶ 99, 119 and Prayers for Relief 8.) Finally, Plaintiff seeks "exemplary damages". (Complaint, ¶¶ 73, 100, 120 and Prayers for Relief 4.) The general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded on his claims if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Specifically, Plaintiff alleges the following amounts are in controversy:

18. Loss of Income and Employment Benefits. Plaintiff seeks "no less than $1,315,000.00" in compensatory damages for lost wages, lost bonuses, lost incentive pay, and lost benefits. (Complaint ¶¶ 51, 72, 98, 118.)

19. Plaintiff also alleges he is "entitled to damages, at present cash value, of future earnings, including benefits, pay increases, bonuses, and other benefits of employment in an amount of no less than $213,750,000.00". (Complaint, ¶ 53.)

20. Punitive Damages. Plaintiff specifically alleges that "[t]he acts of Defendant are malicious, oppressive, and fraudulent, and therefore Plaintiff is entitled to exemplary damages in an amount according to proof at time of trial." (Complaint, ¶ 120.)

21. The amount in controversy calculation may include punitive damages. *St. Paul Reinsurance Co. v. Grenburg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Anthony Security Pac. Fin. Serv., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-87 (10th Cir. 1994); *see also Simmons v. PCR Tech.* 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged lost income of $25,600.00 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI United States, Inc.*, 319 F.3d 672, 674

(5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including emotional distress, etc. combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction). Punitive damages in this case may easily exceed the amount in controversy. *Doutt v. Human Healthy Vending LLC,* 2017 WL 3277219 (Los Angeles Superior Court) (awarding $108,000 in punitive damages for retaliation and wrongful termination); *Escoto v. Metric Machining,* 2013 WL 9554716 (San Bernardino Superior Court) (awarding $75,000 in punitive damages for wrongful termination).

22. Attorney Fees. Plaintiff also seeks recovery of attorney fees. (Prayer for Relief, p. 6, ln. 2.) For a prevailing employee under Article 5-72HH, attorney's fees are recoverable as a matter of right. Los Angeles Municipal Code Article 5-72HH. Accordingly, the Court can consider these fees when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by plaintiff and thus contributes to the amount in controversy"). In employment cases, fee awards potentially can be high. This amount alone will also eclipse the $75,000 amount in controversy requirement for diversity jurisdiction. *Amochaev v. Citigroup Global Markets Inc.*, 2008 WL 3892291 (N.D. Cal. 2008) ($6.5 million in attorneys' fees awarded in a retaliation case); *Equal Employment Opportunity Commission v. Albion River Inn Inc.*, 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorney fees in a single plaintiff case which included a claim for wrongful termination).

23. By virtue of Plaintiff's own Complaint, he alleges and places at issue an

amount in controversy in lost wages, exemplary damages, and attorney's fees that, individually and collectively, exceed the $75,000 jurisdictional requirement.

24. Since diversity of citizenship exists between Plaintiff and Leidos, and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore proper for this Court to remove.

## III. CONCLUSION

WHEREFORE, Leidos respectfully requests that the above-referenced Action brought in the Superior Court for the County of San Diego be immediately removed to this Court.

DATED: November 14, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Ryan T. Chuman
Hardy Ray Murphy
Ryan T. Chuman

Attorneys for Defendant
LEIDOS, INC.