1  Christopher L. Ramey (242312)
   **RAMEY LITIGATION GROUP APC**
2  3838 Camino del Rio North
   Suite 120
3  San Diego, CA 92108-1762
   (619) 542-1530 Telephone
4  (619) 542-1541 Facsimile
   cramey@rameylitigation.com
5
6  Attorneys for Plaintiff and Cross-Defendant
   George Walther-Meade
7
8               **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10
11 GEORGE WALTHER-MEADE, an          ) **Case No. 3:22-cv-1777-JAH-BAH**
   individual;                      )
12                                   ) **ANSWER OF GEORGE WALTHER-**
                                     ) **MEADE TO COUNTER-CLAIM OF**
13              Plaintiff,           ) **LEIDOS, INC.**
                                     )
14        vs.                        )
                                     )
15 LEIDOS, INC., a Delaware corporation; )
   and DOES 1–10, inclusive;        )
16                                   )
17              Defendants.          )
                                     )
18 LEIDOS, INC., a Delaware corporation, )
                                     )
19              Cross-Complainant,   )
                                     )
20        vs.                        ) District Judge:   Hon. John A. Houston
                                     )                   Courtroom 13(B)
21 GEORGE WALTHER-MEADE, an          ) Magistrate Judge: Hon. Barbara L. Major
   individual;                      )                   Courtroom 1100
22                                   ) Complaint Filed:  October 27, 2022
                                     ) Trial Date:       Not Yet Set
23              Cross-Defendant.     )
                                     ) DEMAND – JURY TRIAL
24
25        **COMES NOW CROSS-DEFENDANT GEORGE WALTHER-MEADE** who
26 hereby answers the Counter-Claim of Cross-Complainant Leidos, Inc. as follows:
27 ///
28 ///

3838 Camino del Rio North, Suite 120
San Diego, CA 92108

**RAMEY LITIGATION GROUP**
A Professional Law Corporation

# I

## JURISDICTION

1. Cross-Defendant admits Paragraph 1 of the Counter-Claim.

# II

## VENUE

2. Cross-Defendant admits Paragraph 2 of the Counter-Claim.

# III

## PARTIES

3. Upon information and belief, Cross-Defendant admits Paragraph 3 of the Counter-Claim.

4. Cross-Defendant admits Paragraph 4 of the Counter-Claim.

# IV

## FACTUAL ALLEGATIONS

5. Upon information and belief, Cross-Defendant admits Paragraph 5 of the Counter-Claim.

6. Cross-Defendant is without information sufficient to admit or deny Paragraph 6 of the Counter-Claim and therefore denies Paragraph 6.

7. Cross-Defendant is without information sufficient to admit or deny Paragraph 7 of the Counter-Claim and therefore denies Paragraph 7.

8. Cross-Defendant is without information sufficient to admit or deny Paragraph 8 of the Counter-Claim and therefore denies Paragraph 8.

9. Cross-Defendant admits Paragraph 9 of the Counter-Claim.

10. Cross-Defendant admits Paragraph 10 of the Counter-Claim.

11. Without admitting the truth of the contents of the documents alleged, Cross-Defendant admits Paragraph 11 of the Counter-Claim.

3838 Camino del Rio North, Suite 120
San Diego, CA 92108

RAMEY LITIGATION GROUP
A Professional Law Corporation

12. Cross-Defendant admits he signed the offer of employment.  The remainder of Paragraph 12 contains legal conclusions for which Cross-Defendant is not required to respond.  To the extent a response is required, Cross-Defendant denies the remainder of Paragraph 12.

13. Cross-Defendant is without information sufficient to admit or deny Paragraph 13.  As to those portions of Paragraph 13 containing legal conclusions, Cross-Defendant is not required to respond.  To the extent a response is required, Cross-Defendant denies the remainder of Paragraph 13.

14. Cross-Defendant is without information sufficient to admit or deny Paragraph 14 and therefore denies Paragraph 14.

15. Cross-Defendant is without information sufficient to admit or deny Paragraph 15.  As to those portions of Paragraph 15 containing legal conclusions, Cross-Defendant is not required to respond.  To the extent a response is required, Cross-Defendant denies the remainder of Paragraph 15.

16. Cross-Defendant admits Paragraph 16.

17. Cross-Defendant admits Paragraph 17.

18. Cross-Defendant admits Paragraph 18.

19. To the extent Paragraph 19 contains legal conclusions, Cross-Defendant is without information sufficient to admit or deny the allegation, and therefore Cross-Defendant denies those portions of Paragraph 19.  As to all other factual allegations, Cross-Defendant denies Paragraph 19.

20. Based on information and belief, Cross-Defendant admits Paragraph 20.

21. Cross-Defendant is without information sufficient to admit or deny Paragraph 21, and therefore Cross-Defendant denies Paragraph 21.

22. Cross-Defendant is without information sufficient to admit or deny Paragraph 22, and therefore Cross-Defendant denies Paragraph 22.

23. Cross-Defendant is without information sufficient to admit or deny Paragraph 23, and therefore Cross-Defendant denies Paragraph 23.

RAMEY LITIGATION GROUP
A Professional Law Corporation
3838 Camino del Rio North, Suite 120
San Diego, CA 92108

24. Cross-Defendant admits Leidos interviewed him on October 19, 2021.  Cross-Defendant is without information sufficient to admit or deny the remainder of Paragraph 24, and therefore Cross-Defendant denies the remainder of Paragraph 24.

25. Cross-Defendant admits he indicated Quintana could be his cousin because of extended and unknown family in Mexico and admits that he stated he believed Quintana was not his cousin.  Cross-Defendant is without information sufficient to admit or deny the remainder of Paragraph 25, and therefore Cross-Defendant denies the remainder of Paragraph 25.

26. Cross-Defendant is without information sufficient to admit or deny Paragraph 26, and therefore Cross-Defendant denies Paragraph 26.

27. Cross-Defendant is without information sufficient to admit or deny Paragraph 27, and therefore Cross-Defendant denies Paragraph 27.

28. Cross-Defendant admits that in his October 2021 interview he denied any connection to Fitch and Walther, Inc. and Fitch and Walther Corporation.  Cross-Defendant is without information sufficient to admit or deny the remainder of Paragraph 28, and therefore Cross-Defendant denies the remaining allegations of Paragraph 28.

29. Cross-Defendant is without information sufficient to admit or deny Paragraph 29, and therefore Cross-Defendant denies Paragraph 29.

30. Cross-Defendant is without information sufficient to admit or deny Paragraph 30, and therefore Cross-Defendant denies Paragraph 30.

31. Cross-Defendant is without information sufficient to admit or deny Paragraph 31, and therefore Cross-Defendant denies Paragraph 31.

32. Cross-Defendant is without information sufficient to admit or deny Paragraph 32, and therefore Cross-Defendant denies Paragraph 32.

33. Cross-Defendant is without information sufficient to admit or deny Paragraph 33, and therefore Cross-Defendant denies Paragraph 33.

RAMEY LITIGATION GROUP
A Professional Law Corporation
3838 Camino del Rio North, Suite 120
San Diego, CA 92108

34. Cross-Defendant admits Leidos suspended him, but Cross-Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 34, and therefore Cross-Defendant denies the remaining allegations of Paragraph 34.

35. Cross-Defendant is without information sufficient to admit or deny Paragraph 35, and therefore Cross-Defendant denies Paragraph 35.

36. Cross-Defendant is without information sufficient to admit or deny Paragraph 36, and therefore Cross-Defendant denies Paragraph 36.

37. Cross-Defendant is without information sufficient to admit or deny Paragraph 37, and therefore Cross-Defendant denies Paragraph 37.

38. Cross-Defendant denies Paragraph 38.

39. Cross-Defendant admits Ruiz added Cross-Defendant as an added card holder on Ruiz's American Express Credit Card.  As to the remaining allegations, Cross-Defendant is without information sufficient to admit or deny the allegations, and therefore Cross-Defendant denies the remaining allegations of Paragraph 39.

40. Cross-Defendant is without information sufficient to admit or deny Paragraph 40, and therefore Cross-Defendant denies Paragraph 40.

41. Cross-Defendant is without information sufficient to admit or deny Paragraph 41, and therefore Cross-Defendant denies Paragraph 41.

42. Cross-Defendant admits Ruiz added Cross-Defendant's wife and children as added card holders on Ruiz's American Express Credit Card.  As to the remaining allegations, Cross-Defendant is without information sufficient to admit or deny the allegations, and therefore Cross-Defendant denies the remaining allegations of Paragraph 42.

43. Cross-Defendant denies Paragraph 43.

44. Cross-Defendant denies Paragraph 44.

45. Cross-Defendant denies Paragraph 45.

46. Cross-Defendant is without information sufficient to admit or deny Paragraph 46, and therefore Cross-Defendant denies Paragraph 46.

47. Cross-Defendant is without information sufficient to admit or deny Paragraph 47, and therefore Cross-Defendant denies Paragraph 47.

48. Cross-Defendant is without information sufficient to admit or deny Paragraph 48, and therefore Cross-Defendant denies Paragraph 48.

49. Cross-Defendant admits that he agreed on November 8, 2021, to meet with Leidos on November 10, 2021.  As to the remaining allegations, Cross-Defendant is without information sufficient to admit or deny the allegations, and therefore Defendant denies the remaining allegations in Paragraph 49.

50. Cross-Defendant admits that he texted approximately 10 minutes prior to his interview to notify Leidos that he was not well and that this particular communication did not include a reference to Cross-Defendant's wife.  As to the remaining allegations, Cross-Defendant is without information sufficient to admit or deny the allegations, and therefore Defendant denies the remaining allegations in Paragraph 50.

51. Cross-Defendant admits Paragraph 51.

52. Cross-Defendant admits Paragraph 52.

53. Cross-Defendant admits he was in contact with Mexican Customs officials but denies that the contact was in contradiction to Leidos' instructions.  Cross-Defendant is without information sufficient to admit or deny the remainder of Paragraph 53, and therefore Cross-Defendant denies the remainder of Paragraph 53.

54. Cross-Defendant admits Leidos terminated Cross-Defendant on or about November 16, 2021.  As to the remaining allegations, Cross-Defendant is without information sufficient to admit or deny the allegations, and therefore Defendant denies the remaining allegations in Paragraph 54.

55. Cross-Defendant is without information sufficient to admit or deny Paragraph 55, and therefore Cross-Defendant denies Paragraph 55.

56. Cross-Defendant is without information sufficient to admit or deny Paragraph 56,

and therefore Cross-Defendant denies Paragraph 56.

57. Cross-Defendant admits he submitted an expense report for travel to Puerto Rico from November 1 through November 6, 2021. As to the remaining allegations, Cross-Defendant is without information sufficient to admit or deny the allegations, and therefore Defendant denies the remaining allegations in Paragraph 57.

58. Cross-Defendant admits Paragraph 58.

## FIRST COUNTER-CLAIM
### (Embezzlement)

59. Paragraph 59 includes legal conclusions to which no response is required. To the extent a response is required, Cross-Defendant denies the allegations.

60. Cross-Defendant is without information sufficient to admit or deny Paragraph 60, and therefore Cross-Defendant denies Paragraph 60.

61. Cross-Defendant is without information sufficient to admit or deny Paragraph 61, and therefore Cross-Defendant denies Paragraph 61.

62. Cross-Defendant is without information sufficient to admit or deny Paragraph 62, and therefore Cross-Defendant denies Paragraph 62.

63. Cross-Defendant denies Paragraph 63.

64. Cross-Defendant denies Paragraph 64.

65. Cross-Defendant admits Ruiz added Cross-Defendant as an added card holder on Ruiz's American Express Credit Card. As to the remaining allegations, Cross-Defendant is without information sufficient to admit or deny the allegations, and therefore Cross-Defendant denies the remaining allegations of Paragraph 65.

66. Cross-Defendant denies Paragraph 66.

67. Cross-Defendant is without information sufficient to admit or deny Paragraph 67, and therefore Cross-Defendant denies Paragraph 67.

68. Cross-Defendant admits Ruiz added Cross-Defendants wife and children as additional cardholders on Ruiz's American Express Credit Card. As to the

3838 Camino del Rio North, Suite 120
San Diego, CA 92108

RAMEY LITIGATION GROUP
A Professional Law Corporation

*Walther-Meade v. Leidos, Inc.*

remaining allegations, Cross-Defendant is without information sufficient to admit or deny the allegations, and therefore Cross-Defendant denies the remaining allegations of Paragraph 68.

69. Cross-Defendant denies Paragraph 69.

70. Cross-Defendant denies Paragraph 70.

71. Cross-Defendant denies Paragraph 71.

72. Cross-Defendant denies Paragraph 72.

73. Cross-Defendant is without information sufficient to admit or deny Paragraph 73, and therefore Cross-Defendant denies Paragraph 73.

74. Cross-Defendant is without information sufficient to admit or deny Paragraph 74, and therefore Cross-Defendant denies Paragraph 74.

## SECOND COUNTER-CLAIM

### (Breach of Loyalty of Duty)

75. Paragraph 75 includes legal conclusions to which no response is required.  To the extent a response is required, Cross-Defendant denies the allegations.

76. Cross-Defendant is without information sufficient to admit or deny Paragraph 76, and therefore Cross-Defendant denies Paragraph 76.

77. Cross-Defendant admits Paragraph 77.

78. Cross-Defendant denies Paragraph 78.

79. Cross-Defendant denies Paragraph 79.

80. Cross-Defendant is without information sufficient to admit or deny Paragraph 80, and therefore Cross-Defendant denies Paragraph 80.

81. Cross-Defendant denies Paragraph 81.

82. Cross-Defendant is without information sufficient to admit or deny Paragraph 82, and therefore Cross-Defendant denies Paragraph 82.

///

///

### THIRD COUNTER-CLAIM

### (Conversion)

83. Paragraph 83 includes legal conclusions to which no response is required.  To the extent a response is required, Cross-Defendant denies the allegations.

84. Cross-Defendant is without information sufficient to admit or deny Paragraph 84, and therefore Cross-Defendant denies Paragraph 84.

85. Cross-Defendant is without information sufficient to admit or deny Paragraph 85, and therefore Cross-Defendant denies Paragraph 85.

86. Cross-Defendant denies Paragraph 86.

87. Cross-Defendant denies Paragraph 87.

88. Cross-Defendant is without information sufficient to admit or deny Paragraph 88, and therefore Cross-Defendant denies Paragraph 88.

89. Cross-Defendant denies Paragraph 89.

90. Cross-Defendant is without information sufficient to admit or deny Paragraph 90, and therefore Cross-Defendant denies Paragraph 90.

### FOURTH COUNTER-CLAIM

### (Unjust Enrichment)

91. Paragraph 91 includes legal conclusions to which no response is required.  To the extent a response is required, Cross-Defendant denies the allegations.

92. Cross-Defendant denies Paragraph 92.

93. Cross-Defendant denies Paragraph 93.

94. Cross-Defendant denies Paragraph 94

### FIFTH COUNTER-CLAIM

### (Intentional Misrepresentation)

95. Paragraph 95 includes legal conclusions to which no response is required.  To the extent a response is required, Cross-Defendant denies the allegations.

3838 Camino del Rio North, Suite 120
San Diego, CA 92108

RAMEY LITIGATION GROUP
A Professional Law Corporation

96. Cross-Defendant denies Paragraph 96.

97. Cross-Defendant denies Paragraph 97.

98. Cross-Defendant denies Paragraph 98.

99. Cross-Defendant denies Paragraph 99.

100.　　　Cross-Defendant denies Paragraph 100.

101.　　　Cross-Defendant denies Paragraph 101.

102.　　　Cross-Defendant denies Paragraph 102.


## **PRAYER FOR RELIEF**

As to Cross-Complainant Leidos, Inc.'s Prayer for Relief, Cross-Defendant denies Cross-Complainant has suffered or will suffer any harm or damages for which Cross-Complainant is entitled to any relief at law or in equity, including statutory damages, penalties, or attorney fees. Accordingly, Cross-Complainant denies Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of the Prayer for Relief in the Counter-Claim.


## **DENIAL AS TO ALL OTHER ALLEGATIONS**

If any response to any allegation of the Counter-Claim is deemed neither an admission nor denial, it is the express intent of Cross-Defendant that any and all such allegations are denied and hereby denies such allegations.


## **AFFIRMATIVE DEFENSES**

Cross-Defendant Walther-Meade asserts the following separate affirmative defenses to the Counter-Claim of Cross-Complainant Leidos, Inc. Cross-Defendant has not conducted discovery and reserves the right to amend or add additional defenses upon discovery of facts or evidence supporting such additional defenses.

1. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant

3838 Camino del Rio North, Suite 120
San Diego, CA 92108

**RAMEY LITIGATION GROUP**
A Professional Law Corporation

---

fails to state facts sufficient to state a cause of action.

2. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant has failed to mitigate its damages, if any.

3. Cross-Complainant's conduct with respect to the matters alleged in the Complaint and Counter-Claim deprives Cross-Complainant of clean hands, and by reason of not coming into court with clean hands, Cross-Complainant is precluded from recovery in the within action.

4. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant's claims are time-barred by the governing statute of limitations.

5. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant fails to specifically allege that Cross-Defendant was in control of funds Cross-Complainant alleges were embezzled by Cross-Defendant.

6. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant fails to specifically allege any representations it relied upon purportedly constituting fraud.

7. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Defendant is insulated from liability because he acted in good faith, following reasonable inquiry, and made decisions based on information, opinions, reports, or statements from or prepared by Cross-Defendant, its officers, and agents.

8. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that any harm suffered by Cross-Complainant was caused by persons other than Cross-Defendant.

9. As to each and every cause of action alleged in the Counter-Claim, Cross-

RAMEY LITIGATION GROUP
A Professional Law Corporation
3838 Camino del Rio North, Suite 120
San Diego, CA 92108

Defendant is informed and believes and thereon alleges that any alleged act or misrepresentation is protected free speech and cannot be redressed in tort.

10. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that, even if all of Cross-Complainant's allegations are true, Cross-Complainant has suffered no damages.

11. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant is equitably estopped from asserting the relief herein based on representations to Cross-Defendant that Cross-Complainant had vetted, examined, and approved, through its own internal processes of which it now alleges are the basis

12. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant fails to specifically allege the person or persons who made the allegedly fraudulent representations or promises.

13. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant has waited an unreasonably long time to file its Counter-Claim, and the Cross-Defendant's ability to defend this lawsuit is severely prejudiced due to the unreasonable delay by denying him access to documents, witnesses, and reasonable recollection of events giving rise to Cross-Complainant's claim.

14. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant is not entitled to equitable relief insofar as Cross-Complainant has adequate remedies at law.

15. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant has engaged in conduct and activity sufficient to constitute a waiver of any claims.

3838 Camino del Rio North, Suite 120
San Diego, CA 92108

RAMEY LITIGATION GROUP
A Professional Law Corporation

16. As to each and every cause of action alleged in the Counter-Claim, Cross-Defendant is informed and believes and thereon alleges that he has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated affirmative defenses available. Answering Cross-Defendant reserves herein the right to assert additional defenses in the event discovery indicates such affirmative defenses would be appropriate.

Respectfully submitted,

Dated: December 16, 2022          **RAMEY LITIGATION GROUP APC**

/s/ Christopher L. Ramey

By:_____

Christopher L. Ramey, Esq.
cramey@rameylitigation.com
Attorneys for Plaintiff and Cross-Defendant George Walther-Meade

3838 Camino del Rio North, Suite 120
San Diego, CA 92108

**RAMEY LITIGATION GROUP**
A Professional Law Corporation