UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WALTHER-MEADE,<br><br>                              Plaintiff,<br><br>v.<br><br>LEIDOS, INC.; and DOES 1-10, inclusive,<br><br>                              Defendants. | Case No.:   22CV1777-JAH(BLM)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER WITH MODIFICATION**<br><br>**[ECF NO. 12]** |

On January 13, 2023, the parties filed a joint motion requesting that the Court enter the parties' Protective Order. ECF No. 12.  The Court has considered the Proposed Protective Order and, good cause shown, the joint motion is **GRANTED** with the following modifications:

Paragraph 12 should read:

12.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  Prior to filing a motion to seal, the parties shall endeavor in good faith to inquire of each other whether specific material designated confidential may nevertheless be filed publicly in support of or opposition to a motion.  No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it.  A sealing order may issue only upon a showing that the information is privileged or protectable under the

1

law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, in accordance with Judge Major's preferences, a party must file a "public" version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed "confidential." The party should file the redacted document(s) simultaneously with a joint motion or an *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request

Paragraph 13 should read:

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. The parties shall attempt to resolve each objection in good faith on an informal basis in accordance with Civil Local Rule 26.1. If the dispute is not resolved within seven (7) days of receipt of the objections, the objecting party may move the Court for a ruling on the objection in accordance with Judge Major's Chambers Rules.[1] The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection, or the matter has been otherwise resolved.

**IT IS SO ORDERED**.

Dated: 1/17/2023

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] See Honorable Barbara Lynn Major U.S. Magistrate Judge, Chambers Rules-Civil Cases § V(A)-(F).