UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WALTHER-MEADE,<br><br>                    Plaintiff,<br><br>v.<br><br>LEIDOS, INC.; DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.:   22cv1777-JAH(BLM)<br><br>**ORDER GRANTING IN PART DEFENDANT AND CROSS-COMPLAINANT'S MOTION FOR THE ISSUANCE OF LETTERS OF REQUEST UNDER THE HAGUE CONVENTION**<br><br>**[ECF NO. 15]** |

Currently before the Court is Defendant/Cross-Complainant Leidos, Inc.'s ("Defendant") Motion for the Issuance of Letters of Request Under the Hague Evidence Convention to Permit Production of Evidence from Citibanamex and Banorte in Mexico [ECF No. 15 ("Motion")], Plaintiff/Cross-Defendant's ("Plaintiff") Opposition to Defendant and Cross-Complainant's Motion for the Issuance of Letters of Request Under the Hague Convention to Permit Production of Evidence from Citibanamex and Banorte in Mexico [ECF No. 18 ("Opposition")], and Defendant's Reply in Support of its Motion for the Issuance of Letters of Request Under the Hague Evidence [ECF No. 19 ("Reply")].  For the reasons set forth below, Defendant's motion to issue letters of request is **GRANTED IN PART**.

**FACTUAL BACKGROUND**

On October 7, 2022, Plaintiff file a complaint in San Diego County Superior Court commencing the above-entitled matter. See ECF No. 1-4, Exhibit A to Defendant's Notice of Removal of Civil Action to United States District Court. Plaintiff alleges Defendant wrongfully terminated his employment after conducting an improper investigation, intentionally divested stock bonuses and employment benefits, and racially discriminated against Plaintiff because of his Mexican heritage. Id. On November 14, 2022, Defendant removed this action to this Court. ECF No. 1. Defendant filed its answer and brought counterclaims against Plaintiff alleging, in part, that Plaintiff engaged in an embezzlement scheme with nonparty Juan Gonzalez Ruiz ("Ruiz"). ECF No. 6. As part of its counterclaim, Defendant alleged that the embezzled money was deposited into bank accounts that Ruiz controlled and Plaintiff could access. Id.

On January 1, 2023, the Court issued a Scheduling Order Regulation Discovery and Other Pre-Trial Proceedings, which opened discovery. ECF No. 11.

On February 21, 2023, Defendant served a subpoena on Banamex USA, a Citibanamex entity located in the United States. Motion at 2. According to Defendant, it has not received a response.[1] Id.

On April 7, 2023, Defendant filed the instant motion. See ECF No. 15. The Court set a briefing schedule on April 10, 2023. ECF No. 16. Plaintiff timely filed his opposition and Defendant timely filed its reply. ECF Nos. 18 & 19.

Because many of Defendant's exhibits were in Spanish, on April 21, 2023, the Court ordered Defendant to file English translations of the previously lodged Spanish exhibits. ECF No. 21. Defendant lodged a Supplemental Declaration of Ryan T. Chuman in Support of Leidos's Motion for the Issuance of Letters of Request Under the Hague Convention to Permit Production of Evidence from Citibanamex and Banorte in Mexico [ECF No. 22 ("Chuman Supp. Decl.")] on April 25, 2023, which included translated versions of Defendant's previously lodged exhibits.

---

[1] Defendant indicates that Banamex USA is defunct and states that it "does not believe the United States entity could provide records for accounts held in Mexico." Id.

The following day, Plaintiff filed a Notice of Failure to Comply with Court Order Requiring Defendant Leidos Cure Defects in Motion for Issuance of Letters Rogatory, and Leidos's Admitted Grounds to Stay the Case Warrant Refusal to Issue Letters Rogatory [ECF No. 23 ("Notice")], requesting that the Court deny Defendant's motion for failure to comply with the Court's April 21, 2023 Order because some exhibits remained in Spanish and Defendant did not provide certified translations.[2] Notice at 2. On April 27, 2023, Defendant filed a letter in response to Plaintiff's Notice.[3] ECF No. 24.

While the instant motion was pending before the Court, Plaintiff filed a Motion to Stay Civil Action Pending Resolution of Criminal Proceedings [ECF No. 17 ("Motion to Stay")]. Plaintiff seeks to stay this civil action following Plaintiff's February 9, 2023 grand jury indictment for wire fraud, money laundering, aiding and abetting, and criminal forfeiture. ECF No. 17-1 at 4. On April 21, 2023, Defendant filed a Notice of Non-Opposition of Motion to Stay [ECF No. 10 ("Notice of Non-Opposition")], agreeing that the pending criminal charges weighed in favor of staying the civil action. ECF No. 10. Defendant also requested that the Court rule on the instant motion. Notice of Non-Opposition at 1.

## **LEGAL STANDARD**

A letter rogatory, or letter of request, is "a formal request from a court in which an action is pending to a foreign court to perform some judicial act." Viasat, Inc. v. Space Sys./Loral, LLC, 2014 WL 12577593, at *2 (S.D. Cal. June 30, 2014). Such judicial act can include allowing requests for the production of documents. Crocs, Inc. v. La Modish Boutique, 2021 WL 5933147, at *2 (C.D. Cal. Nov. 12, 2021). "Courts have inherent authority to issue letters rogatory." Desirous Parties Unlimited Inc. v. Right Connection Inc., 2023 WL 245871, at *1 (D. Nev. Jan.

---

[2] While the Court did not consider the Notice in reaching its decision, the Court finds that Plaintiff's pleading is factually inaccurate, as Exhibits K and O include the English translations. In addition, Plaintiff does not provide any law establishing that certified translations are required or that the translations Defendant provided are inaccurate. As such, the Court finds Defendant's translations acceptable.

[3] The Court also did not consider Defendant's letter in reaching its decision. The Court notes that Defendant's letter does not comply with Civil Local Rule 5.1, which requires all documents to be filed on pleading paper. See ECF No. 24.

18, 2023) (citing <u>United States v. Staples,</u> 256 F.2d 290, 292 (9th Cir. 1958)). In exercising its discretion, the court generally will not weigh the evidence sought nor predict whether a party actually will obtain the evidence. <u>Desirous Parties Unlimited Inc.</u>, 2023 WL 245871, at *1 (citing <u>Barnes & Noble, Inc. v. LSI Corp.</u>, 2012 WL 1808849, at *1 (N.D. Cal. May 17, 2012)).

Discovery through the use of letters rogatory "is consistent with the liberal discovery provisions of Rule 26." <u>Desirous Parties Unlimited Inc.</u>, 2023 WL 245871, at *1 (quoting <u>Viasat, Inc.</u>, 2013 WL 12061801, at *3). Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Routinely courts issue letters rogatory where the moving party demonstrates that the evidence sought is relevant pursuant to Rule 26. See <u>Valcor Eng'g Corp. v. Parker Hannifin Corp.</u>, 2017 WL 10440084, at *1 (C.D. Cal. May 1, 2017) ("Thus, in deciding whether to issue a letter rogatory, a Court decides whether the discovery sought is permissible under the Federal Rules of Civil Procedure."); <u>see also</u> <u>Desirous Parties Unlimited Inc.</u>, 2023 WL 245871, at *2 (granting motion for issuance of letters rogatory where the "requested information [was] narrowly tailored to obtain relevant information that was necessary"); <u>SPS Techs., LLC v. Briles Aerospace, Inc.</u>, 2020 WL 12740646, at *2 (C.D. Cal. Apr. 14, 2020) (same). As such, a party opposing the issuance of letters rogatory must show good cause for why the court should deny issuing the letters rogatory. <u>Parsons Xtreme Golf LLC v. Taylor Made Golf Co., Inc.</u>, 2018 WL 3954414, at *2 (D. Ariz. Aug. 17, 2018) ("Generally, a court should grant such a request absent a showing by the opposing party demonstrating good cause to deny the motion.").

## **DEFENDANT'S REQUESTS**

Defendant seeks to request the same information from each financial institution through the letters rogatory:

> 1. Any and all **DOCUMENTS** and **COMMUNICATIONS**, including, but not limited to, statements, correspondence, regarding any bank account that **PLAINTIFF** could legally access or is or was previously the owner, account holder, authorized user, or beneficiary.
> 2. Any and all **DOCUMENTS** and **COMMUNICATIONS**, including, but not limited to, statements and correspondence, regarding any bank account that

**JUAN GONZALEZ RUIZ** could legally access or is or was previously the owner, account holder, authorized user, or beneficiary.

ECF No. 22-4, Exhibit M to Chuman Supp. Decl. ("Exhibit M"), at 3; ECF No. 22-8, Exhibit Q to Chuman Supp. Decl. ("Exhibit Q"), at 3.

### DEFENDANT'S MOTION

Defendant argues that the requested information is material and directly relevant to its counterclaims against Plaintiff. Motion at 5. Defendant states that its records demonstrate that some amount of the $3.2 million it alleges Plaintiff embezzled was transferred from Defendant to accounts held by Ruiz at Citibanamex and Banorte. Id. The basis for Defendant's position includes "text messages between [Plaintiff] and [Ruiz] regarding the transfer of money from a United States bank account held in [Ruiz's] name to an account held in [Ruiz's] name at Banorte." Id. at 6. In addition, Defendant notes that evidence demonstrates Plaintiff's sister-in-law worked at Banorte and helped Plaintiff and Mr. Ruiz transfer funds. Id.

Further, Defendant indicates there is no other way to obtain the requested information. Id. They served a subpoena on Banamex USA pursuant to Rule 45 but have not received a response, and, to Defendant's knowledge, Banorte does not have "operations or presence in the United States." Id. In addition, Defendant requested the information from Plaintiff directly but has not received a response from Plaintiff. Id. at 7. Defendant indicates that Plaintiff's recent indictment make it unlikely that Plaintiff will respond to Defendant's requests for production. Id.

### PLAINTIFF'S OPPOSITION

Plaintiff argues that granting Defendant's motion and issuing the letters rogatory would prejudice Plaintiff in his criminal case. Opposition at 2. Plaintiff further argues that Defendant's requests "seek[] information from a non-party subject to criminal proceedings." Opposition at 2. Plaintiff states that no letters of request should issue prior to the district judge ruling on Plaintiff's pending motion to stay because the discovery impacts Plaintiff's Fifth Amendment rights. Id. at 2, 3. Plaintiff argues that Defendant "is improperly seeking a back door for the discovery of evidence to assist the United States in its criminal proceedings[,]" which is impermissible because the governing statue does not allow letters rogatory to be issued as part

of a criminal proceeding. Id. at 4. Further, Plaintiff argues that because he does not have standing to object to the letters rogatory related to Ruiz and because Defendant did not serve copies of the subpoena on Ruiz, the Court should deny Defendant's motion. Id. at 2-3, 4.

## DEFENDANT'S REPLY

Defendant states that Plaintiff fails to "substantively explain why he opposes [Defendant's] properly filed Motion on any grounds other than timing." Reply at 2. Defendant asserts that there is no basis for Plaintiff's argument that Defendant is seeking evidence to assist the United States in Plaintiff's criminal case, as the United States is capable and better positioned to obtain its own evidence. Id. at 4, 5. Defendant states that it is seeking discoverable information that is relevant to its counterclaims in this civil action. Id. at 2. Further, Defendant retorts that there are no Fifth Amendment concerns because Defendant is not attempting to compel Plaintiff's testimony or Plaintiff's own documents. Id. at 3. Defendant seeks to obtain discoverable information from third-party financial institutions. Id. Further, Defendant states that Plaintiff's unopposed stay will protect his Fifth Amendment rights, "as they relate to this separate, civil action." Id. at 4. Defendant states that Defendant, not Plaintiff, would be prejudiced if the Court denies its request, even if the case is stayed because requests under the Hague Convention can take several months. Id. at 3. Defendant asserts that even if a stay is granted, limited discovery is permissible. Id. at 4.

Finally, Defendant states that Ruiz would equally not have standing to challenge the letters rogatory because he is not a party to this action and Defendant seeks the production of the banks' records, not Ruiz's records. Id. at 6.

## DISCUSSION

### A. Relevance and Comity Factors

In determining whether to grant the issuance of letters of rogatory, the Court considers the moving party's request in light of the liberal discovery authorized under Rule 26 and can also consider a five-factor comity analysis:

> (1) the importance to the [] litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing

6

> the information; and (5) the extent to which noncompliance with the request would undermine interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

See Desirous Parties Unlimited Inc., 2023 WL 245871, at *2 n.3 (citing Societe Nationale Industrielle Aeropatiale v. U.S. District Court for the Southern District of Iowa, 482 U.S. 522, 544 n.28 (1987)).

Here, the Court find that the factors weigh in favor of issuing the requested letters rogatory.

First, the Court finds that the requested information is material and necessary to this case because it directly relates to Defendant's claims in its cross-complaint. Defendant alleges that Plaintiff and Ruiz embezzled money from Defendant and transferred at least some amount to accounts at Citibanamex and Banorte, including accounts held by Ruiz. Further, Defendant alleges that Ruiz deposited payments from Defendant into an account Plaintiff could access. As such, the requested information is relevant and discoverable. See Trabulsi v. Wells Fargo Bank, Nat'l Ass'n, 2018 WL 6444892, at *1 (C.D. Cal. Aug. 21, 2018) ("the allegations in a complaint generally dictate what evidence is discoverable"). Plaintiff makes no argument that the requested information is irrelevant or immaterial. Accordingly, the first factor weighs in favor of issuing the letters rogatory.

Second, and as further discussed below, the Court finds Defendant's requests are not narrowly tailored and specific in nature. Defendant fails to provide necessary definitions and a relevant time period for its requests. While such finding may weigh in favor of denying Defendant's request, the Court finds that the requests can be rewritten to be narrowly tailored and specific in nature. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery to prevent abuse).

Third, the Court finds that the information in the requested documents likely originated in the United States and is maintained in Mexico because Defendant states that money from Leidos was deposited into Ruiz's Mexican bank accounts. As such, the third factor weighs in favor of issuing the letters rogatory.

Fourth, Defendant establishes that there are no alternative means of securing the requested information.  Defendant is unable to subpoena and receive responsive documents from either Citibanamex or Banorte in the United States.  In addition, Defendant is unlikely to receive the requested information directly from Plaintiff given the arguments raised in the Opposition and Motion to Stay.  Even if Plaintiff were able to obtain the information directly from Plaintiff, Defendant would have the "right to verify whether [Plaintiff's] information (once provided) is accurate." Desirous Parties Unlimited Inc., 2023 WL 245871, at *3 (citing Fisher & Paykel Healthcare Ltd. v. Flexicare Inc., 2020 WL 5900155, at *5 (C.D. Cal. Aug. 17, 2020)).  Accordingly, the Court finds that the fourth factor weighs in favor of granting Defendant's motion.

Finally, the Court is unaware, and the parties do not raise how the issuing nation's (United States) or the receiving nation's (Mexico) interests will be affected in a manner that would weigh in favor or against issuing the requested letters rogatory.  Hence, the fifth factor is neutral.

Since factors one, three, and four weigh in favor of issuing the letters rogatory, and the requests can be written to be more narrowly tailored and specific in nature, the Court finds that Defendant has made a reasonable showing that the evidence sought is relevant and falls within the broad scope of discovery authorized in the Federal Rules of Civil Procedure.

**B. Scope of Requests**

As noted, Defendant's requests are not narrowly tailored and specific in nature.

While discovery through letters rogatory is subject to the liberal discovery provisions outlined in Rule 26, Rule 26 does impose limits on the scope of discovery.[4] See Fisher and Paykel Healthcare Ltd., 2020 WL 5900155, at *2 (citing Viasat, 2013 WL 12061801, at *7 and Calixto

---

[4] To fall within the scope of discovery, the information must be "proportional to the needs of the case," requiring lawyers to "size and shape their discovery requests to the requisites of a case" while "eliminat[ing] unnecessary or wasteful discovery." Fed. R. Civ. P. 26(b)(1); Cancino Castellar v. McAleenan, 2020 WL 133485, at *4 (S.D. Cal. Mar. 23, 2020)(quoting Roberts v. Clark Cty. Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016)).

v. Watson Bowman Acme Corp., 2009 WL 3823390, at *20-22 (S.D. Fla. Nov. 16, 2009)); see also Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. (26)(b)(2)(C).

Here, the Court finds that Defendant's requests seek relevant information but the requests as written are overbroad. As an initial manner, Defendant requests any and all "COMMUNICATIONS," but fails to provide any definition to the same.[5] Defendant also fails to discuss the requested "COMMUNICATIONS" in its Motion or Reply. Instead, Defendant refers to the requested documents as bank records throughout its Motion and Reply. In addition, the Court finds that Defendant's definition of "DOCUMENT" or "DOCUMENTS" is sufficient to encompass the relevant documents it seeks. The Court notes that Defendant improperly defines "DOCUMENT" or "DOCUMENTS" to include "all materials and things that constitute 'WRITINGS' or 'RECORDINGS' as defined by the Federal Rules of Evidence 34(a)(1)(A)." Exhibit M at 2; Exhibit Q at 2. The Court notes that there is no Federal Rule of Evidence 34. Based on Defendant's drafting of its definition, the Court is unable to determine whether Defendant meant Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001. Thus, Defendant will need to redraft the definition for clarity.

Second, Defendant requests are overbroad as to time. See Exhibit M and Exhibit Q. Defendants do not mention when or over what period of time the $3.2 million was stolen nor when accounts were opened or accessed. See Motion & Reply. Upon the Court's review of Defendant's cross-complaint, Defendant alleges that "[Plaintiff] and Ruiz embezzled at least approximately $3.2 million from [Defendant] between 2013 and 2021[,]" as "[Defendant] paid Ruiz, through his company JB Ruiz y Asociados, for services purportedly rendered in connection with maintenance contracts for Mexican Customs[]" since at least 2013. See ECF No. 3 at ¶ 36. Accordingly, the Court finds the relevant time period to be 2013 to present and Defendant must limit its requests accordingly. See United States ex rel. Jacobs v. CDS, P.A., 2016 WL 4146077,

---

[5] The Court also notes that Defendant failed to provide a definition for "JUAN GONZALEZ RUIZ," which may make it difficult for the producing party to provide responsive documents. In contrast, Defendant defined Plaintiff by providing necessary identifying information. See Exhibit M at 2.

at *2 (D. Idaho Aug. 3, 2016) ("The allegations of the complaint logically shape the scope of discovery."). As such, the Court rewrites Defendant's requests to each institution as follows:

1. Any **DOCUMENTS**, including but not limited to, statements and correspondence, regarding any bank account that PLAINTIFF could legally access or is or was previously the owner, account holder, authorized user, or beneficiary from 2013 to present.

2. Any **DOCUMENTS**, including, but not limited to, statements and correspondence, regarding any bank account that **JUAN GONZALEZ RUIZ** could legally access or is or was previously the owner, account holder, authorized user, or beneficiary from 2013 to present.

As discussed, Defendant must also provide a definition for "JUAN GONZALEZ RUIZ" that is sufficient to allow the responding party to locate responsive documents and clarify the definition of "DOCUMENT" or "DOCUMENTS."

### C. Good Cause

The Court finds that Plaintiff fails to establish good cause to deny Defendant's motion.

Plaintiff generally argues that the Court should not issue the requested letters rogatory because they "are an abuse of discovery and an attempt to knowingly obtain information related to criminal proceedings." Opposition at 4-5. The Court is unpersuaded. Plaintiff does not cite to any legal authority to support this proposition. Plaintiff only improperly cites to 28 U.S.C. § 1784 to suggest that letters rogatory cannot be used for a criminal proceeding.[6] Id. at 3. Further, Plaintiff does not provide facts or evidence to suggest that Defendant seeks this information to assist the government in Plaintiff's criminal proceeding.[7] Plaintiff merely asserts that "[Defendant] has a vested interest in assisting the United States in prosecuting both [Plaintiff] and Ruiz," which is based on his opinion that the language in the indictment and cross-

---

[6] 28 U.S.C. § 1784 outlines procedures for holding a producing party in contempt for failing to comply with a court's subpoena.

[7] As noted by Defendant in its Reply, the United States is capable of obtaining evidence, including records from foreign banks, on its own and likely did so prior to the indictment.

complaint mirror one another. Opposition at 4. These arguments are insufficient and the Court does not find good cause to deny Defendant's request on this basis.

Plaintiff also argues that there are Fifth Amendment concerns that must be considered because "there is a large degree of factual overlap between the civil and criminal cases[.]" Opposition at 3. Plaintiff cites to ESP Capital Partners LP v. Stratos, 22 F.Supp. 3d 1042, 1045 (C.D. Cal. 2014) and McCormick v. Rexroth, 2010 WL 934242, which are not persuasive here. In ESP Capital Partners LP, the court denied the defendant's motion to stay despite the defendant's criminal proceeding and potential Fifth Amendment implications. 22 F.Supp. at 1047. The court reasoned *inter alia* that self-incrimination concerns alone were not enough to warrant a stay, in part, because the Ninth Circuit previously held that Fifth Amendment implications are not dispositive when determining whether to stay a civil case when there is a pending criminal case. Id. at 1046. In McCormick, the court granted the defendant's motion to stay and found that Fifth Amendment concerns did weigh in favor of granting the stay because the defendant did not initiate the civil action since he "was 'haled into [] court involuntarily as a defendant.'" 2010 WL 934242 at *2. Neither case supports the position that Defendant's request should be denied because of the potential for self-incrimination. Here, Defendant is not attempting to compel testimony or documents directly from Plaintiff. Defendant only seeks third party records. Indeed, Plaintiff fails to demonstrate or provide authority that suggests a third-party's records implicate his Fifth Amendment rights. Accordingly, the Court does not find good cause to deny Defendant's request on this basis.

Finally, Plaintiff asserts that Defendant's motion "is void of any evidence supporting the Court's issuance of letters rogatory for information related to Ruiz[,]" who "is unlikely to know of the subpoenas, or can even respond to the subpoenas, because he is in federal custody." Opposition at 4-5. Ruiz is not a party to this action and Plaintiff fails to provide authority to support his position that Ruiz is entitled to notice. The Court also finds that Defendant did provide support for its Motion, as discussed in detail above. See infra Section A. As such, the Court does not find good cause to deny Defendant's motion on this basis.

Accordingly, the Court finds that Plaintiff fails to establish good cause do deny Defendant's motion. The requested information is relevant and material to Defendant's embezzlement claims, can be narrowly tailored, and cannot be obtained from Plaintiff or a financial institution in the United States.

## **CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Defendant's motion. Within three (3) calendar days, Defendant is **ORDERED** to submit revised letters rogatory that comply with this Order.

**IT IS SO ORDERED**.

Dated: 5/3/2023

Hon. Barbara L. Major
United States Magistrate Judge