UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WALTHER-MEADE, an individual,<br><br>　　　　Plaintiff/Counter Defendant,<br><br>v.<br><br>LEIDOS, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants/Counter Claimant. | Case No.: 3:22-cv-01777-JAH-BLM<br><br>**ORDER GRANTING UNOPPOSED MOTION TO STAY CIVIL ACTION**<br><br>**(ECF No. 17).** |

　　　　Pending before the Court is Plaintiff/Counter Defendant George Walther-Meade's ("Plaintiff") Motion to Stay the Civil Action Pending Resolution of Criminal Proceedings. ("Mot.", ECF No. 17). Defendant/Counter Claimant Leidos, Inc. ("Defendant") filed a Notice of Non-Opposition to Plaintiff's Motion to Stay. (ECF No. 20). Upon consideration of the motion and the non-opposition, and for the reasons set forth below, Plaintiff's motion is **GRANTED**.

　　　　On October 7, 2022, Plaintiff filed a complaint in San Diego County Superior Court commencing the above-entitled matter. (*See* Compl., ECF No. 1-4, Ex. A). Plaintiff alleges Defendant wrongfully terminated his employment, divested Plaintiff of stock options, and racially discriminated against Plaintiff because of his Mexican heritage. *Id.* On November 14, 2022, Defendant removed the action to this Court. ("Notice of Removal", ECF No. 1). Defendant filed an answer and brought counterclaims against

Plaintiff alleging, in part, that Plaintiff engaged in an embezzlement scheme with nonparty Juan Gonzalez Ruiz ("Ruiz"). ("Answer", ECF No. 6).  As part of its counterclaim, Defendant alleged that the embezzled money was deposited into bank accounts that Ruiz controlled and Plaintiff could access. *Id.*

Plaintiff now seeks to stay this civil action following Plaintiff's February 9, 2023, grand jury indictment for wire fraud, money laundering, aiding and abetting, and criminal forfeiture.[1] ("Indictment", ECF No. 17-1, Ex. A at 4).  On April 21, 2023, Defendant filed a Notice of Non-Opposition of Motion to Stay, agreeing that the pending criminal charges weighed in favor of staying the civil action.

A court has the inherent authority to stay an action pursuant to its power to control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55, (1936); *Levya v. Certified Growers, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  Although parallel civil and criminal proceedings "are unobjectionable . . . . a court may decide to stay civil proceedings when the interests of justice seem to require such action."  *Keating v. Off. Of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations and alterations omitted).  When determining whether to stay an action, courts must weigh competing interests that will be affected by the granting or refusal to grant a stay.  *Id.* (*quoting Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).  Among these competing interests includes "the extent to which the defendant's fifth amendment rights are implicated." *Id.*  In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the

---

[1]   Plaintiff's motion to stay includes a request for judicial notice of court records filed in *United States of America v. George Walther-Meade*, 3:23-cr-0231-CAB, pursuant to Federal Rule of Evidence 201.  Because the documents are publicly available and not subject to reasonable dispute, the request is GRANTED.  (*See* RJN, ECF No. 17-3).

convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.  *Molinaro*, 889 F.2d at 903.

Based upon the relevant factors as set forth above, and in light of Defendant's non-opposition, the Court finds that a stay of the case is appropriate.  The factual basis of the civil action overlap the charged conduct in the parallel criminal action, thereby implicating Plaintiff's Fifth Amendment rights such that the disposition of criminal charges may impact the instant matter.  *See Matter of Seper*, 705 F.2d 1499, 1501 (9th Cir. 1983).  Additionally, there is no indication that the parties to this matter or any interested third-party will be prejudiced by a stay of this matter.

Based on the foregoing, the Court **GRANTS** Plaintiff's unopposed motion to stay this action pending the resolution of the criminal proceedings against Plaintiff.  Plaintiff is to file a status report within fourteen days of the final disposition of the parallel criminal proceedings, at which point the Court shall lift the stay.

**IT IS SO ORDERED.**

DATED:  May 19, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE