UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WALTHER-MEADE, an individual,<br><br>          Plaintiff/Counter Defendant,<br><br>v.<br><br>LEIDOS, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>          Defendants/Counter Claimant. | Case No.: 3:22-cv-01777-JAH-BLM<br><br>**ORDER GRANTING UNOPPOSED MOTION TO SUBSTITUTE SUCCESSOR-IN-INTEREST GEORGE WALTHER-MEADE FOR THE NAMED PLAINTIFF**<br><br>**(ECF No. 37).** |

Pending before the Court is a Motion to Substitute George Walther-Meade as successor-in-interest to Plaintiff George Walther-Meade, who passed away on November 6, 2023. ("Mot.," ECF No. 37). Defendant/Counter Claimant Leidos, Inc. ("Defendant") filed a Notice of Non-Opposition to Plaintiff's motion. (ECF No. 38). Federal Rule of Civil Procedure 25 governs this issue and provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Here, Plaintiff died on November 6, 2023 while this lawsuit was pending. Plaintiff's counsel filed a status report on December 5, 2023, notifying the Court of Plaintiff's death.

(ECF No. 30). The 90-day period to file a motion for substitution was set to expire on March 4, 2024, the same day the instant motion was filed. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1095-96 (9th Cir. 2017).

Substitution also requires that the underlying claims survive the death of the party. Fed. R. Civ. P. 25(a)(1). "The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose." *Stribling v. Lucero*, No. 2:16-cv-01438-TLN-JDP, 2021 WL 516849 at *1 (E.D. Cal. Feb. 10, 2021) (citation omitted). Because the claims here are brought under California law pursuant to diversity jurisdiction, the claims survive Plaintiff's death. *See* Cal. Code Civ. Proc. § 377.20(a) ("[A] cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period.).

Finally, "state law determines who is a 'proper party' for the purposes of Rule 25(a)(1)." *Bustillos v. N.H. Ball Bearings*, 2018 WL 6333680, *2 (C.D. Cal. November 6, 2018) (citing *In re Baycol Prods. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010)). California law provides that "an action can be continued by a decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.32. Mr. Walther-Meade's declaration provides the necessary information to demonstrate that he is the successor-in-interest to Plaintiff's claims.

The prerequisites set forth in Rule 25 are satisfied, and George Walther-Meade is successor-in-interest to the instant action. Accordingly, Plaintiff's motion is **GRANTED**, and the hearing set for April 24, 2024, at 2:00 p.m. is **VACATED**.

**IT IS SO ORDERED.**

DATED: April 2, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE